**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**Fernando GODINEZ, Defendant—
Appellee.**

**No. 03–50607.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided Dec. 23, 2004.

Nancy B. Spiegel, Esq., Ronald L. Cheng, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellant.

Andrew M. Stein, Esq., Bellflower, CA, for Defendant–Appellee.

Before: SCHROEDER, Chief Judge, GOULD and CLIFTON, Circuit Judges.

## MEMORANDUM *

The government appeals the district court's decision to grant Fernando Godinez a three-level downward departure from the sentencing range otherwise prescribed by the Sentencing Guidelines after Godinez pled guilty to a single count of possessing child pornography. Because two of the factors cited by the district court to support that departure were inappropriate, we vacate the sentence and remand for resentencing.

The district court did not err in grounding a departure on the fact that Godinzez only involuntarily downloaded images and did not permanently save, store, organize, or print them. A district court may depart from the applicable guideline range if it " 'finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the [United States] Sentencing

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Commission in formulating the guidelines that should result in a sentence different from that described.'" *United States v. Stevens,* 197 F.3d 1263, 1266 (9th Cir.1999) (quoting U.S.C. § 3553(b)(1)).

Godinez was sentenced under Sentencing Guideline § 2G2.4, which does not comment upon whether unintentionally downloading images—as opposed to permanently saving, storing, organizing, and printing images—is a factor in computing a defendant's sentence. We have previously upheld, though under a more deferential abuse of discretion standard, a district court's decision to grant a downward departure on the ground that the defendant only involuntarily downloaded images and did not otherwise save or organize them. *United States v. Parish,* 308 F.3d 1025, 1029–31 (9th Cir.2002).

■ In the instant case, the district court made a factual finding that the images on the computer hard drive were present not because Godinez volitionally saved them, but because of the operation of the computer. Thus, assuming that Godinez only unintentionally downloaded the images, *Parish* supports the district court's decision to grant a downward departure on this basis, and we find that this decision was not improper.

■ The other two grounds cited by the district court were impermissible, however. A downward departure based on the district court's determination that the number of images in Godinez's collection was small compared to the typical numbers of images possessed by other offenders was inappropriate. Quantity is a permissible ground for downward departure only when the applicable guideline does not mention quantity. *Stevens,* 197 F.3d at 1268 n.5. Section 2G2.4 already accounts for the number of images that a defendant had in his possession because it calls for a two-level enhancement for possession of ten or more images. *See* U.S.S.G. § 2G2.4(b)(2) (2002); *see also Stevens,* 197 F.3d at 1268 n. 5.

■ The district court also erred in departing downward based on the fact that Godinez neither distributed images nor attempted to engage in sexual acts with minors. Distribution of child pornography is a separate and more serious crime than possession and is punished under a different guideline. *See* 18 U.S.C. § 2252A(a)(1); U.S.S.G. § 2G2.2(b)(5) (2002). In fact, the guideline under which Godinez was sentenced, § 2G2.4, contains a cross-reference to § 2G2.2, which explains that the court should apply § 2G2.2 in circumstances where the separate crime of distributing child pornography exists along with mere possession. *See* U.S.S.G. § 2G2.4(c)(2) (2002). This cross-reference demonstrates that the guidelines have taken into adequate consideration the presence or absence of distribution of the material.

Under our case law, it was also improper for the district court to grant a departure because of its finding that Godinez did not engage in additional wrongful conduct other than possessing child pornography. In *Stevens,* we made clear that the defendant's "failure to engage in *additional* conduct relating to sexual abuse of children is an impermissible ground for granting a downward departure when sentencing for the crime of possessing child pornography." *Stevens,* 197 F.3d at 1270.

VACATED; REMANDED FOR RESENTENCING.